IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/13/2020

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 1:19-cv-11452 (MKV) |
| ) | |
| SUNEET SINGAL, ) | [PROPOSED] |
| FIRST CAPITAL REAL ESTATE TRUST INC., ) | STIPULATION AND |
| FIRST CAPITAL REAL ESTATE ADVISORS, LP, ) | PROTECTIVE ORDER |
| and ) | |
| FIRST CAPITAL REAL ESTATE INVESTMENTS, ) | |
| LLC ) | |
| ) | |
| **Defendants.** ) | |

Plaintiff Securities and Exchange Commission ("SEC") and Defendants Suneet Singal, First Capital Real Estate Trust Inc., First Capital Real Estate Advisors, LP, and First Capital Real Estate Investments, LLC (collectively "Defendants," and with the SEC "the Parties") in the above-captioned case agree that: (1) discovery will require the Parties to produce confidential, and/or private information, including "personally identifiable information" ("PII"), and (2) it is appropriate for this Court to protect such PII and confidential information from both improper disclosure or use for any purpose other than prosecuting this litigation.

Accordingly, the Parties stipulate to and move the Court to enter the following Stipulation and Protective Order.

**I. DEFINITIONS**

1.1 *Party*: Any party to this action, including all of its officers, employees, attorneys, consultants, retained experts, and support staff.

1.2 *Discovery Material*: All items or information that are not otherwise publicly available, regardless of the medium or manner generated, stored, or maintained (including, among other

things, Fed. R. Civ. Proc. 26 disclosures, testimony, transcripts, or tangible things), either (a) produced by a Party during discovery in the course of this litigation, whether voluntarily or in response to a request for production of documents pursuant to Fed R. Civ. Proc. 34, or (b) produced by a Party in response to a subpoena issued pursuant to the non-public Order Directing Private Investigation And Designating Officers To Take Testimony designated HO-12919 investigation.

    1.3 *Receiving Party*:  A Party that receives Discovery Material from a Producing Party.

    1.4 *Producing Party*:  A Party that produces Discovery Material in this action.

## 2. SCOPE

The protection conferred by this Stipulation and Protective Order covers not only Discovery Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof that might reveal Discovery Material.

## 3. DURATION

Even after termination of this litigation, the confidentiality obligations imposed by this Stipulation and Protective Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

## 4. ACCESS TO AND USE OF DISCLOSURE OR DISCOVERY MATERIAL

    4.1 The Parties agree not to disclose Discovery Material received from a Producing Party, other than for purposes related to this litigation.

    4.2 The Parties agree that Discovery Material received from a Producing Party may be used for purposes related to this litigation, including use in depositions in this litigation, and use in connection with expert witnesses and consultants; and Discovery Material may be submitted and/or referenced in filings and arguments made to the Court in this case.

    4.3 Nothing in this Stipulation and Protective Order shall alter the Parties' obligations under Federal Rule of Civil Procedure 5.2.

4.4 The Parties agree that no Party shall disclose Discovery Material for purposes not related to this litigation, including disseminating or disclosing Discovery Material to the media, making such information available to the public and/or posting such information on the internet. Notwithstanding this paragraph, nothing in this Stipulation and Protective Order shall restrict the dissemination of any document which is publicly available by virtue of being filed with the Court in the course of this litigation.

4.5 Notwithstanding the above paragraphs, nothing in this Stipulation and Protective Order shall be construed to limit or otherwise abrogate the SEC's ability to make its files available as described in the "Routine Uses of Information" section of SEC Form 1662, a copy of which is attached hereto as Exhibit A, or to comply with any other statutory obligation. The SEC may disclose the Discovery Material in a manner consistent with the "Routine Uses of Information" section of SEC Form 1662 or to comply with any other statutory or regulatory obligation without notifying or seeking permission from the producing Party.

**THE FOREGOING IS HEREBY STIPULATED AND AGREED TO BY THE PARTIES BELOW, THROUGH THEIR COUNSEL OF RECORD.**

**SO ORDERED.**

_____
**Hon. Mary Kay Vyskocil**
**United States District Judge**

Dated: April 13, 2020
New York, New York

DATED:  April 10, 2020						Respectfully submitted,


							s/ Joshua E. Braunstein

							Joshua E. Braunstein
							Matthew F. Scarlato
							Senior Trial Counsel
							U.S. Securities and Exchange Commission
							100 F Street, NE
							Washington, DC 20549
							Tel: (202) 551-8470
							Fax:  (202) 772-9245

							*Counsel for Plaintiff Securities and Exchange Commission*


							s/ Eric R. Levine

							Eric R. Levine
							Eric P. Heichel
							Eric Aschkenasy
							Craig Karger
							Eiseman Levine Lehrhaupt & Kakoyiannis, P.C.
							805 Third Avenue
							New York, New York  10022
							elevine@eisemanlevine.com
							Tel: (212)752-1984
							Fax: (212)355-4608

							*Counsel for Defendants*