**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/13/2021

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

No. 1:19-cv-11452-MKV

SUNEET SINGAL,
FIRST CAPITAL REAL ESTATE TRUST INC.,
FIRST CAPITAL REAL ESTATE ADVISORS, LP,
and FIRST CAPITAL REAL ESTATE
INVESTMENTS, LLC,

Defendants.

## FINAL JUDGMENT AS TO DEFENDANT SUNEET SINGAL

The Securities and Exchange Commission having filed a Complaint and Defendant

Suneet Singal ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction and except as otherwise provided herein in paragraph X); waived findings of fact and

conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1)-(2)] by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(1)     to employ any device, scheme, or artifice to defraud any client or prospective client; or

(2)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, breaching Defendant's

fidiciuary duty involving personal misconduct, within the meaning of Section 36(a) of the

Investment Company Act of 1940 ("Company Act") [15 U.S.C. § 80a-35(a)] in respect of any

registered investment company for which Defendant serves or acts:

> (1)     as officer, director, member of any advisory board, investment adviser, or
>
> depositor; or
>
> (2)     as principal underwriter, if such registered company is an open-end company, unit
>
> investment trust, or face-amount certificate company;

as set forth in Company Act Section 36(a) [15 U.S.C. § 80a-35(a)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 57(a) of the

Company Act [15 U.S.C. § 80a-56(a)(3)-(4)], and Rule 17d-1 promulgated thereunder [17

C.F.R. § 270.17d-1], by, while related to a business development company in a manner described

in 15 U.S.C. § 80a-56(b), acting as principal:

> (1)     knowingly to sell any security or other property to such business development
>
> company or to any company controlled by such business development company,
>
> unless such sale involves solely (A) securities of which the buyer is the issuer, or

(B) securities of which the seller is the issuer and which are part of a general

offering to the holders of a class of its securities;

(2)        knowingly to purchase from such business development company or from any

company controlled by such business development company, any security or

other property (except securities of which the seller is the issuer);

(3)        knowingly to borrow money or other property from such business development

company or from any company controlled by such business development

company (unless the borrower is controlled by the lender), except as permitted in

section 80a–21(b) or section 80a–61 of this title; or

(4)        knowingly to effect any transaction in which such business development company

or a company controlled by such business development company is a joint or a

joint and several participant with such person in contravention of such rules and

regulations as the Commission may prescribe for the purpose of limiting or

preventing participation by such business development company or controlled

company on a basis less advantageous than that of such person, except that

nothing contained in this paragraph shall be deemed to preclude any person from

acting as manager of any underwriting syndicate or other group in which such

business development company or controlled company is a participant and

receiving compensation therefor.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section

21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15

U.S.C. § 77t(e)], Defendant is prohibited, for ten (10) years following the date of entry of this

Final Judgment, from acting as an officer or director of any issuer that has a class of securities

registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file

reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement, jointly and severally with Defendant First Capital Real Estate

Investments, LLC, of $3,200,000, representing net profits gained as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of

$676,400.73, for a total of $3,876,400.73.  IT IS HEREBY FURTHER ORDERED,

ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of

$3,200,000, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d) of

the Exchange Act [15 U.S.C. § 78u(d)], and Section 209(e) of the Advisers Act [15 U.S.C. §

80b-9(e)].  Defendant shall satisfy this obligation by paying $7,076,400.73 to the Securities and

Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VIII

below.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Suneet Singal as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by using all collection procedures authorized by law, including, but not limited to,

moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all

collection procedures authorized by law, including the Federal Debt Collection Procedures Act,

28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders

issued in this action.   Defendant shall pay post judgment interest on any amounts due after 30

days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall

hold the funds, together with any interest and income earned thereon (collectively, the "Fund"),

pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**VIII**.

Defendant shall pay the total of disgorgement, prejudgment interest, and penalty due of $7,076,400.73 in two installments to the Commission according to the following schedule: (1) $250,000 within 30 days of entry of this Final Judgment; and (2) $6,826,400.73 within 120 days of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

**IX.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**X.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: July 13, 2021
New York, New York

_Mary Kay Vyskocil_
HON. MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE